Case of the morning, call 209-1003, Hytel Group v. Michelle Z. Butler, on behalf of the appellant, Gary Fleischer, on behalf of the appellant, Gary Lytle. May I proceed? Good morning, Justices, Counsel. My name is Gary Fleischer, on behalf of the appellant. Both counsel were sitting here during the Sandholm case argument, which also involves the Citizen Participation Act, but involves a little different issues than we have. The method that occurred in our case was very different than what occurred in the Sandholm case. First of all, I pointed out in my brief that I would ask the Court to find that when you have no public participation, when there's no public issue, and it's a sheer private issue between two parties, that it does not implicate the SLAPP Act. The title of SLAPP means public participation. In this case, it's preceded, unlike the other case where we were discussing in the Sandholm case where the public participation occurred. In our case, we have a wage claim filed by an individual, and then we have the employer suing that individual at a later point in time. But isn't the purpose, one of the purposes of the Act, is to preclude people, litigation, from silencing citizens? I mean, isn't that part of the Act in addition to everything else that you've heard this morning? I believe it's to prevent citizens from being silenced in exercising their constitutional rights. There's no constitutional right to file a wage claim. It's a statutory right that is given by the legislature where you go in, you have a hearing, and you do it. It doesn't involve any constitutional right of free speech or anything else. The legislature got rid of that. You can get rid of that. In this case, we'd be in the same position if the employee, instead of filing the wage claim, she filed a lawsuit for wages against us. We would file a counterclaim stating that there's breach of fiduciary duty, stating that there was fraud, and alleging these acts. She would then come back and say our counterclaim is in response to her exercising her free speech rights to file a lawsuit, her rights of petition. Every counterclaim would be subject to this because the only test in this Act is the moving party in good faith in pursuing their claim. If a plaintiff's claim is in good faith and a defendant says, you filed a lawsuit, I'm going to file a lawsuit against you, you're implicating the CPA if you say it applies to private actions. You were sitting here, so you've heard the discussion about how broadly this Act is written. Don't you believe, or I guess you don't believe, but couldn't it be argued as counsel argued that it is written so broadly that it does encompass exactly this? Well, you could argue that no counterclaims are allowed to be filed anymore because that's what you'd have to say. You'd have to say that because a complaint is a claim filed to the government. We all agree with that. That's what the claim filed to the government. Then you respond filing a counterclaim. Someone comes in and says, well, there's a complaint filed by the government. Under this Act, you cannot file a counterclaim as long as the complaint was in good faith, you're barred from filing a counterclaim. Now, you could argue the Act says that. I would argue, I have said in my brief that if you get to that, then you have to throw out this Act because it throws out everything, our whole system of practice. I argue that it doesn't apply to private actions. It doesn't apply to actions that don't involve constitutional speech in public places, like the Sandholm case involved, whether it's in the public or not. Ours is not a public issue whatsoever. There isn't anything except someone filed a wage claim. If a client of mine filed an ARDC claim against me, then I can't file a lawsuit against that client for fees. I do not believe that that's what the legislature entitled. Doesn't the plaintiff argue that there is governmental action involved because the wage claim is brought under an Illinois statute? They do, and it's true that just like I say, complaint, counterclaim, there's governmental action involved because it's before the Department of Labor. And they do say that. I am saying that you have to go to the next step, which is that it doesn't involve constitutional rights. And this, the statute itself provides that somebody who is furthering their rights to petition, speech, association, participation in government. You cannot say that just the filing of a private action before a wage claim, or as I point out again, that they would argue the same thing if they had filed a complaint in court. So petition is the equivalent of filing a lawsuit? Right, right. So if you look at it that broadly and you really believe that what the appellee is saying and the court was saying to us, which is that first you look, is this a government? Yes. Any complaint is a filing before a government. If the complaint's in good faith, then the defendant is liable if he files a counterclaim, period. Now, our case. You couldn't make that argument in the Sandholm case, though. They did not make that argument. Well, the defendants were sued for defamation. How would they counterclaim? Well, in the Sandholm case, they wouldn't. But in our case, it applies directly because she could have filed the same thing as a lawsuit instead of a Department of Labor claim. Or she could have filed saying you owe me wages. And then what do we do at that stage? Now, you say, well, you wouldn't have filed. There's a mentality that occurred in our case because unlike the Sandholm case where they looked at the complaint, in our case, you look at our complaint that has nothing to do with a wage claim. I didn't know it was a wage claim. Well, could you argue that if you show somebody's right to file a wage claim because they are going to be sued by that individual, I mean, it's certainly not a government action specifically, but couldn't you argue that it's going to burden the state financially, socially, if people are precluded from filing wage claims or intimidated by not filing wage claims? You could argue that, but we do have the legislature in the discrimination statute says that if I file a discrimination claim and someone retaliates, there's a claim for retaliation. They don't have that under the Wage Claim Act. They can do that if they want. They know how to do it. They know how to protect somebody if they want to do it. They don't have that under the Wage Claim Act. In addition, you run into a whole problem as far as the procedure that you're talking about because we do have, if someone files a complaint against somebody and it's a bad complaint that's sanctionable, the Supreme Court has set up a system called Rule 137. You go to trial and you have something. In our case, what happened was, and everybody was struggling on the procedure. The motion was filed as under the civil, the CPA. It wasn't under 2615, it was under the CPA. They filed affidavits that were beyond the record. We filed a response to that, all beyond the record. You're deciding something by clear and convincing evidence. In our case, the judge looked at the allegations of our complaint to see if it was meritorious. The judge said, well, I would have struck the complaint because I don't think a controller is an officer of a company. But in the normal proceeding, if the judge were to say that, I thought it was appropriate. My complaint that I drafted was fine. But you amend the complaint. And that's the system that we have. Here, you're beyond that system. You're now saying, okay, the complaint didn't state a cause of action. The fraud, the judge said we didn't allege reliance. Well, first of all, we did allege specifically what the judge said we did. It's in our count two of our complaint. We said we relied on representation. But I deal every day. If someone comes in, you allege fraud, it gets stricken, you amend. Here, we're in a different proceeding where you have this hurry up because of the CPA Act. And I say that I use the California process because we learned from that. In California, they said the legislature could not have meant what our act in California says because then no one could file a counterclaim. So we're going to say that, first of all, it doesn't apply unless there's some public constitutional involvement. And secondly, we're going to say that you have to look at the complaint that we filed in this case and say, does that complaint, based on the speech, based on the constitutional speech, is the merits of our complaint, like it was in the Sandholm case where they said in the complaint that you slandered us. And in public hearing, ours had nothing to do with the wage claim. But that's not what the act in Illinois says. The act in Illinois is not like the act in California. The act in Illinois is extremely broad. You can argue that in response to could mean in response to a retaliation, couldn't you? I mean, the way that the Illinois is written so broadly, one can certainly argue, as your opponent did, that this arises out of the government. I learned that one could argue that if you file something because someone else came against you, even if it's meritorious, that that might be out under this act. And you can construe it that broadly. I have said in our briefs, you could throw the act out if you're construed with that broadly, because you're interfering with Rule 137 sanctions. We have a system. You're interfering with law that says when you have a motion to dismiss under 2615, you're allowed to amend unless you can't show any possible way to amend. You're interfering with everything, discovery, the whole system. Yes. So that's one possibility. I believe another possibility is to say that there's no constitutional issue here. This is a wage claim that a legislature said, go ahead and file a wage claim. She filed a wage claim. We come in with something that says that you conspired to take over this company and we're suing you for the fraud and for the breach of fiduciary duty. It has nothing to do with the wage claim. To talk about would you have filed if she hadn't filed a wage claim is irrelevant. If you're going to get into those issues, then, Justice Shostak, I think that you have to say the act is overbroad. It's hard because if you look at these two cases that you're going to have to decide, they handled – they did it in a totally different method. In the Sandholm case, they looked at the complaint, filed a 2615, saying based upon the allegations of the complaint, this implicates the CPA. And I thought, oh, I could buy that. You have to look at the allegations of the complaint. That implicates CPA. Our complaint didn't implicate the CPA at all. Now, for someone to say, well, you filed it because she filed a wage claim, would you have if she didn't file the wage claim, is not the issue. The issue is if we have a good breach of fiduciary duty case and that case has nothing to do with what she's talking about with the wage claim, that should not implicate the CPA. That's not what the legislature intended. I do not believe they intended on throwing out, as I said, every counterclaim because this judge, if you look at the way he looked at it – and I'm not blaming the judge because there's not much in the act to explain how you do that. The act says you look at the genuineness of the movement's claim. The judge, in our case, looked at the genuineness of our claim, the respondent's claim. That's not provided in the act at all. There's nothing in there that says you look at our claim to decide how good or bad it is. As I said, I allege in our case that the controller of the company takes care of financial statements, reports to lenders, is an officer of the company who has fiduciary duties of loyalty and breached those duties of loyalty when she attempted to work with a lender to throw out management. I think it stated a cause of action, but if it didn't, I certainly can amend it and state a cause of action. Did you amend it at the lower court when you made your motion? We did. Did you file and attach to that motion an amended complaint? We did not. And there's an argument that counsel raised that we were required to do that, and he quoted the Bellick case, 373 ALF 3rd 1059, which I'll rely on also. Bellick case says that if your complaint is stricken, you don't do it with prejudice unless it's apparent that there's no possible facts that you could allege. We asked in our motion to reconsider to file an amended complaint that was denied, but we never had a chance to file an amended complaint under what happened here. In fact, it got more complicated because the judge, after ruling under the CPA, went back at the request of Appley and granted the motion, the 2615 motion to dismiss breach of fiduciary duty with prejudice and granted the motion to dismiss the fraud without prejudice, which I really admit I don't know what that means when you're dismissing a lawsuit. So those are my arguments. I think it's fairly simple that if you're going to say that this act applies to us, the act's overbrought. There's another way to say the act doesn't apply to us, and I've given you three ways to say that in my arguments. Well, I thought his point on that, and my colleague's point, is even if you're not, the trial court's not supposed to dismiss a complaint with prejudice unless there's no way to plead it. Nevertheless, you still have waived that if you, when you came in with your motion to reconsider, you didn't either explain what your amendment would be or preferably attach the amended complaint to the motion. Otherwise, it's waived. That seems to be, I thought, his argument. That was his argument. He cited that case, but that's not what that case says. That's not any practice. When you have a motion to, someone brings a 2615 motion and a complaint is restricted, you say, I'd like to amend. And the court generally, unless there's some special reason why, the judge can look at it and say, well, there's no reason to let you amend. What's our standard of review on that particular issue? It's de novo, according to the Bella case. Bella specifically says the case they cited, it's a First District case, 2007, that says it's de novo review. Okay. Okay. Thank you.  I'm very happy to sit in. I had no idea the three preceding cases that we all saw in the CPA, so it was illuminating. It was a good primer. As counsel indicated, a very different issue, but something, obviously, this court and all the appellate courts across the state, I assume, are grappling with right now on how to deal with this statute. I'm not a public interest lawyer. I don't, I wasn't a lawyer with the CPA in my hands searching for a case to apply it to. I had a woman come to me that I did work for many years ago, frantic, that she had been served with a suit from an employer that she had worked for just a little more than three months, where they were claiming $4 million in damages against her. And she said to me, I looked at it, there is not an experienced lawyer in this courtroom anywhere in the state that wouldn't look at that complaint and say, this is nothing but a punitive complaint. It's malicious. It is clearly intended to intimidate this woman. I said, what's going on? She told me about the petition to the Department of Labor. She, in our affidavit filed with the court in support of our CPA, we quoted the president of the company, and pardon my language, but where he said, you file a claim with the Department of Labor and I'll sue your ass, honey. How do you retort what your opponent says, that this is a private action, it's not a government action as set out in this anti-slap act? I have a difficult time even quite honestly understanding what that means, a private action. If two homeowners are fighting over the boundary line of a fence, and it's involving a zoning law or something else, and they're in front of a zoning committee, is it public or is it private? It seems to me it's the forum you're in and how you're presenting it that makes it one or the other. Here, just as I don't believe there's any constitutional provision in the Illinois Constitution that says there must be a zoning committee in a government, local government, so there's no constitutional right to attend and voice your opinion at a zoning committee. The legislature has established the Department of Labor. It exists in enforcing the laws of this state. There are procedures where you can petition the department to intercede, to use the weight of the state, to use the power of the state, to try to resolve the dispute between the employer and employee. What does Article 15 say about applicability? It says that the party may file a motion in any judicial proceeding. I'm paraphrasing that. Yeah. What makes this case different, and I think where Your Honor is getting, if I understand you correctly, is in 15, we have the language of, in this case, Ms. Butler's petitioning, and then the resulting complaint. Is it based on, does it relate to, or is it in response to that protected activity? The California statute is extremely different. It is limited only on based on. So just like the case that preceded me, you can look at the four corners of the complaint and see whether or not that complaint is based on. That is, its underlying core is the governmental activity that was either slanderous or defamatory or in some way gave rise to that complaint. Illinois has gone well beyond, well beyond. Now the question is, and I think this is why, though none of these cases are easy, why I think this case is easy for Your Honors, is why we know that this particular, and again, I urge you if you have not already to read the complaint, it is a punitive, malicious complaint. The reason we know it is in response to her wage claim is twofold. And again, this is new territory, since we don't know whether you bring a single motion under 2615, do you bring it under 2619, are they two separate motions? I brought two separate motions. The way I read the statute is one under the CPA. I brought an independent motion under 2615. Let me ask you this. The complaint alleges breach of fiduciary duty and also filing a false application. And as a result of the false application, the company is alleging that it suffered, you know, $4 million or $400 million worth of damages, but large damages. That's a possibility. I mean, you're taking the position that it's obviously punitive. Well, no, it's not a possibility under the way they pled their complaints, Your Honor. The complaint was based upon an allegation that she was such an incompetent controller, which is, best I can tell, is a glorified word for a bookkeeper. I mean, she wasn't a chief financial officer. She wasn't an officer. She's not alleged to be an officer. She was an employee with the title controller. The complaint very specifically says, based on her failure, her inability to turn out weekly and monthly financial statements, daily, weekly, and monthly financial statements, three months after she was there, the walls came tumbling down, and they alleged specifically to a lawsuit initiated by the lender. They didn't attest the lawsuit, even though specifically alleged in the complaint. I attested the lawsuit, and I attested the pleadings from that lawsuit. They were accepted and read by the trial court without objection, and they became a part of that pleading because they were referred to in the pleading. That defendant, that plaintiff, Hytel, was declared a default long before Ms. Butler ever even stepped foot in that building. It is a phony complaint. The reason the judge dismissed it on 2615 was, with regard to fiduciary duty, there is no allegation of a fiduciary duty. There is no position of fiduciary. She was not an officer. She's not a shareholder. She was not someone who had a position of control and dominance over a weaker, lesser individual. She was an employee who's supposed to be turning out daily financial reports. You know daily whether she's doing it. There's no big surprise. You know daily, weekly, monthly whether she's doing it or not, and the law is very clear with an employee. If they aren't performing, you fire them. If you take the position, does the comptroller ever owe a fiduciary duty to the employer? Because if you take the complaint, as truthfully as alleged, she's alleged to be a comptroller, and it alleges that she has a fiduciary duty to that company relative to her acts. And her acts are alleged to be that she got involved with the insurance company, and I think another party who had an interest adverse to the employer. But just saying there is a fiduciary duty does not plead under Illinois pleading practice the facts necessary to support a fiduciary duty. The only facts they allege was that she was an employee that held the title comptroller. I know of no universal definition. I don't quite understand. I don't even know what a comptroller is. I had to ask my client, well, what is a comptroller? And from the allegations of the complaint, all it says is she was responsible for these financial statements. But in a supervised employee-employer relationship, she wasn't a trustee of a trust. She wasn't the chief financial officer in charge of the company's finances. So the case law we cited, in fact, there's even a case law we're saying just sticking someone with the label vice president does not turn them into a fiduciary. They are still an employee unless you allege specific facts. If I can get back to what makes this case different is, and what counsel's harping on, pardon, I didn't mean to harp on, what he's hitting upon, is you look at his complaint in the four corners and you cannot tell that she had filed a wage claim. That's what makes this case different. It's not there in the four corners of the complaint. But we know it's in response to it because of the punitive nature of the complaint itself and its complete failure to legislate. And most important, we filed the affidavit of Ms. Butler, which spelled out what the president had said to her, what the threats were, what was going to happen. They had the opportunity, and I think this is appropriate, under the act. They had the opportunity to come back with facts. That's the problem I have. Under 215, 6215, you look only at the complaint. You don't look at any affidavits. You don't consider other documents. I agree. And those affidavits were attached to my CPA motion, not to my 2615 motion. That's why I separated them. And the court made a CPA ruling or 2615? Absolutely separate. And then what I did, and even my motion says it, after the court granted the CPA motion, he just deferred to 2615, saying he's moved. I don't need to get to it. I subsequently came in on a motion and said, look, if we're going to go up on appeal on this anyway, may I please have a ruling on it so that I can bring it all to the court at one time so I don't have to keep coming back? He accommodated me, and then he found that 2615 was dismissible, and he did dismiss it alternatively with prejudice. But again, I think this is important. We laid out under the CPA motion factually that this was punitive, that he had threatened her that he was going to come after her if she did it. You're tying this up. Oh, I'm sorry. I didn't hear the bell. Even if we know it's punitive, his point, your opponent's point seems to be that there are, in our system, there's ways to deal with that. I mean, if it's a bad complaint, it violates 137, it's filed for an improper purpose. But the notion of bringing it under this act with a dispute that is not a dispute that – we're all in agreement that this is new ground. But even the zoning example that one of you gave, I mean, the property lines and stuff like that are really – even though it's between two individual lots, it is sort of a public issue. But when somebody's just filing a complaint for wages, that's, I think, the thrust of his argument. I mean, even if we – you say we know this is punitive. Okay, let's assume it's punitive. Why is it something that's actually under the act is the question. Okay, if I may, Your Honor. Yeah, please. Now we're moving away from, I think, in response to, but as I read the case law, we've got – we've cited the U.S. Supreme Court, we've cited – I couldn't find a case in Illinois that says this. But the U.S. Supreme Court, the Seventh Circuit, other district courts, access to administrative bodies is fundamentally petitioning a right of petition under the Constitution. But don't you have other actions to go against other than this act? Always, and almost everyone does. Again, if I may elaborate. Let's take the fencing issue. Instead of going to the zoning board – now, I think we'd all agree that that's going to a public forum, he stands up and he's voicing his outrage that his neighbor is going to put up this fence, is going to ruin his way of life, is going to ruin the neighborhood, and property values are going to go down all over. That's the way that particular citizen decides to voice himself under the CPA he's protected from punitive reactionary action. He could have filed an injunction suit. He could have filed an action for declarative judgment. That seems to be counsel's argument. It's because Ms. Butler could have filed a lawsuit. Now, all of a sudden, everything he does is potentially a counterclaim, and anything that's potentially a counterclaim now can't possibly ever be covered under the CPA. But I submit to you, you would be hard-pressed to find most actions under the CPA, most citizen conduct, that could not also have been pursued via a lawsuit. But was this the intent? Was this type of act the intent behind the CPA? Absolutely. And in the statement of the intention, it states that. Specifically, in Section 5, the second sentence, it says, Opinions, claims, arguments, and other expressions provided by citizens are vital to effective law enforcement. The operation of government, the making of public policy and decisions, and the continuation of representative democracy. So the purpose of this act is to encourage people to make claims with their government, to petition their government, so that the legitimate bodies, like the Department of Labor, knows what employers are doing out there, how they're affecting our employees, how they're affecting our labor force, and so that they can impose the will of the state to enforce our laws. Okay, one quick question for you, too, on this, before you sit down. What's your argument why he can't amend the complaint for that? Why can't he amend his complaint? Because he presented neither in his motion, he came in on a motion to reconsider, and alternatively, I guess, tried to amend. Did not attach an amended plea, and nor in his motion did he say a single fact, not one fact that would be different from the complaint that had already been dismissed, that would somehow cause it to not be deficient. As I read the law, certainly as I practice as a lawyer, I would expect a court to refuse that motion, to say no. I mean, tell me why the ruling I've already made, I should reverse myself without you telling me anything about what's new, or what new facts exist. It's a standard of review, de novo? It's standard, it's de novo on the question of the 2615. It's discretionary on whether or not to allow an amendment. So that would be an abuse of discretion, as I understand it. All right, thank you. Thank you. I just want to hit some highlights. I understand we're dealing with legislation that none of us here enacted, but if you buy the argument of the FLE, then any time an employee files any wage claim and the employer sues, we're in this case. That is not what was intended. Any time, as I said, a client brings an ARDC charge, you cannot sue. Is there a difference between a client bringing a wage claim to suing the employer, suing the client, or the client suing the employer for wages, one way or the other, and bringing the case before the Illinois Department of Labor and asking the Illinois Department of Labor's governmental body to collect the wages for them? Yes, there is. As I did point out, the Illinois Department of Labor wage claim hearing is an informal process. It's a private process. It's not public. You don't sit in a courtroom. You don't sit in a zoning board. An employee walks in. An employer sits down. They try to mediate and work out their differences. They deal with issues. The Department of Labor has a right afterwards to file suit if they have the person power to do it, which is very, extremely rare, but it is there. And generally, if the matter can't be resolved, the employee then files a suit in court. But it's a private proceeding. It's between people where they just have a little hearing. This idea of the controller as a bookkeeper, I made allegations the controller prepares financial statements that the lender relies on. I made allegations that this person met with the lender and discussed with the lender how they're going to take over this company after they get rid of management. Now, if she's an officer or if she has that fiduciary duty, then she breached her duty of loyalty, and that's what occurred. I say she did not prepare any financial statements, not just that she couldn't, but that there was this idea going on. As to sanctions, counsel believes, looking at the face of the complaint, the complaint that I drafted is on its face, sanctioned. Well, the judge denied sanctions. C-395 in the record, they made a motion saying this is sanctioned. Well, the judge said it's denied. So there's a finding that they're not entitled to sanctions. I believe that this was an appropriate complaint. That's all I have to say, Your Honor. Thank you. Thank you. The case is taken.